```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

KENDRICK DULDULAO,

    Plaintiff,
v.                                    Case No.  8:10-cv-2227-T-33MAP

5 STAR THAI DINING, INC. and
THAI HUT, INC.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendants' Motion to Lift Stay on Discovery (Doc. # 15), which was filed on December 16, 2010. Duldulao failed to file a response in opposition to the motion, and the time for Duldulao to file a response under the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida has elapsed. For the reasons that follow, the Court grants the motion.

**Analysis**

Duldulao initiated this action pursuant to the Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., on October 5, 2010. (Doc. # 1). Therein, Duldulao references a "step" at the entrance of the facility in question that presented an "insurmountable barrier" to his access. (Id. at ¶ 15). Duldulao also listed a number of alleged ADA infractions inside the facility, including, but not limited to, an inaccessible take out counter, an unsafe

restroom entrance, and multiple alleged violations inside of the restroom, such as a "failure to provide a lavatory with controls and operating mechanisms that can be operable with one hand and shall not require tight grasping, pinching or twisting of the wrist as required by 28 C.F.R. Part 36, Section 4.19." (Id.) Duldulao also described the height of the restroom's mirror and paper towel dispenser as well as the absence of a grab bar. (Id.)

On October 7, 2010, the Court entered its ADA Scheduling Order (Doc. # 3), in which the Court stayed all discovery. Thereafter, on December 8, 2010, Duldulao filed his responses to the Court's interrogatories. (Doc. # 14). Therein, he indicated: "I visited the facility as a patron intending to eat Thai food at Lemon Grass restaurant, but unfortunately, due to a step at the entrance area, I was unable to gain access into the restaurant, and I got frustrated, and consequently, left soon afterwards." (Doc. # 14 at ¶ 4). In his other interrogatory answers, Duldulao verified that he visited the facility alone, and thus his observations and complaint allegations stem from his personal experiences and no one else's. (Id. at ¶ 5).

Defendants filed the present motion to lift the Court's stay on discovery so that Defendants may depose Duldulao

regarding his visit to the facility. Defendants point out that Duldulao's complaint, describing detailed violations inside of the facility's restroom, is inconsistent with Duldulao's account of his visit to the facility, in which he indicates that he was not able to enter the facility.

The Court agrees that a deposition of Duldulao is needed due to the apparently conflicting nature of his allegations. Duldulao was given an opportunity to respond to the relief contained within the motion and failed to object to the relief sought. Accordingly, the Court grants the motion. The Court's ADA Scheduling Order (Doc. # 3) is modified only to the extent that Defendants may depose Duldulao within twenty days of the date of this Order. All other conditions and requirements contained in the Court's ADA Scheduling Order shall remain in full force and effect.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Lift Stay on Discovery (Doc. # 15) is **GRANTED** as specified above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of January 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record